his home in Minnesota, contracted a valid and binding marriage even though the laws of Illinois, which had been the home of his wife and whence he had taken her to Wisconsin, prohibit such a marriage.

5. INFANTS, § 4*—*when evidence sufficient to sustain award of custody of child to father in habeas corpus proceedings.* In a habeas corpus proceeding by a father residing in another State to procure the custody of his child which was left with the maternal grandparents in this State after the death of the mother, evidence *held* sufficient to sustain an award of the custody of the child to the father.

---

**Mary Kraus, Defendant in Error, v. National Council, Knights and Ladies of Security, Plaintiff in Error.**

**Gen. No. 21,420.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN A. MAHONEY, Judge, presiding. Heard in this court at the October term, 1915. Reversed with finding of facts. Opinion filed March 27, 1916.

## Statement of the Case.

Action by Mary Kraus, plaintiff, against National Council, Knights and Ladies of Security, defendant, on a benefit certificate issued by defendant on the life of Julia Kraus, plaintiff's mother. From a judgment in favor of defendant for $954, plaintiff brings error.

This case involves facts substantially like those involved in *Neenan v. National Council, Knights and Ladies of Security,* 188 Ill. App. 490. Description of the plan of insurance, with benefit certificates and by-laws of the defendant material to the point in the instant case, may be found in the opinion filed in that case.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

By defendant's by-laws it was provided that:

"All assessments for every month shall become due and payable on the first day of the month. The certificate of each member who has not paid such assessment or assessments and dues on or before the last day of the month, shall, by the fact of such non-payment, stand suspended without notice, and no act on the part of the Council or any officer thereof, or of the National Council, shall be required as essential to such suspension, and all rights under said certificate shall be forfeited. No right under such certificate shall be restored until it has been duly reinstated by the member complying with the laws of the Order, with reference to reinstatement."

It was also provided that a member might be reinstated by payment within sixty days from date of suspension of all arrearages, "provided, however, That he be in good health at the time of making payment   *   *   *; Provided, further, That the receipt and retention of such assessments or dues, in case the suspended member is not in good health   *   *   * shall not have the effect of reinstating said member or of entitling him or his beneficiaries to any rights under his Benefit Certificate."

Decedent's assessment for September, 1912, was not paid during that month, whereby under the automatic operation of the by-laws she became suspended, and subsequent payment would operate to reinstate her only on condition that at the time of such payment she was "in good health." A payment was made on October 7, 1912. There was evidence that on October 7, 1912, decedent was afflicted with mitral regurgitation—a valvular disease of the heart—and that she had been under the care of a physician for this disease for several months prior thereto; that because of this disease and its consequences she was confined to the house for some eight months before her death; that the disease progressed, with the usual dropsical conditions, until it caused her death.

A. W. Fulton, for plaintiff in error.

Joseph M. Connery, for defendant in error.

Mr. Presiding Justice McSurely delivered the opinion of the court.

## Abstract of the Decision.

1. Insurance, § 906*—*when evidence sufficient to show that member of fraternal insurance society not in good health at time of attempted reinstatement.* In an action on a benefit certificate in a fraternal insurance society on account of the death of plaintiff's mother, the evidence *held* sufficient to show that decedent who was automatically suspended from membership on account of nonpayment of dues, at the time of her attempted reinstatement by payment of delinquent dues, was not in good health so as to be entitled to reinstatement.

2. Insurance, § 782*—*when member of fraternal insurance society automatically suspended.* Suspension of member of fraternal insurance society for nonpayment of dues, *held* to have operated automatically and without necessity of order by such society.

---

## George L. Trafton, Guardian, Defendant in Error, v. National Council, Knights and Ladies of Security, Plaintiff in Error.

### Gen. No. 21,681.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Jacob H. Hopkins, Judge, presiding. Heard in this court at the October term, 1915. Reversed with finding of facts. Opinion filed March 27, 1916.

### Statement of the Case.

Action by George L. Trafton, as guardian of Alfonso, Louise and Jennie Cadamartrie, plaintiff, against Na-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.